UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JIMMIE McNAIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-0172 (TSC) |
| | ) | |
| U.S. PAROLE COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Jimmie McNair's petition for a writ of habeas corpus.[1] For the reasons discussed below, the petition is denied.

I. BACKGROUND

A jury found Petitioner guilty of distribution of a controlled substance (cocaine), and on December 6, 2011, the Superior Court of the District of Columbia imposed a 48-month term of imprisonment followed by five-year term of supervised release. U.S. Parole Comm'n's Opp'n to the Pet'r's Pet. for a Writ of Mandamus and Habeas Corpus ("USPC Opp'n"), Ex. 1. The supervised release term began on May 19, 2014, *see id.*, Ex. 3 at 1, and Petitioner soon amassed dozens of violations of the conditions of his release, *see id.*, Ex. 3 at 2-4. On the recommendation of Petitioner's Community Supervision Officer, *see id.*, Ex. 3 at 4, the United States Parole Commission ("USPC") issued a warrant for Petitioner's arrest on August 5, 2015, *see id.*, Ex. 4 at 3.

---

[1] The Court is mindful of its obligation to construe a *pro se* litigant's pleading liberally. *See Erickson???* Accordingly, the Court construes Petitioner's pleading as a petition for a writ of habeas corpus and proceeds as if Petitioner identified his custodian as the proper Respondent. Because Petitioner was detained at the D.C. Jail when he filed the petition, this Court retains jurisdiction notwithstanding his subsequent transfer to FCI Fairton. *Cite.*

1

On October 4, 2016, a Metropolitan Police Department officer arrested Petitioner and charged him with distribution of a controlled substance (crack cocaine) and possession of a controlled substance (crack cocaine). *See id.*, Ex. 7. The USPC's warrant was executed on October 7, 2016. *Id.*, Ex. 6 at 1. A hearing examiner conducted Petitioner's probable cause hearing on October 14, 2016, *id.*, Ex. 6 at 1, and found probable cause to hold Petitioner pending a revocation hearing, *id.*, Ex. 6 at 2-6. The revocation hearing took place on November 30, 2016. *Id.*, Ex. 9 at 1. The hearing examiner recommended revocation of supervised release and Petitioner's return to custody for a 22-month term. *Id.*, Ex. 9 at 5. The USPC concurred with the recommendation to revoke supervised release, and determined that Petitioner instead serve a 26-month term of imprisonment from October 7, 2016, the date its warrant was executed. *Id.*, Ex. 10 at 1. Petitioner's appeal, *see generally id.*, Exs. 11-14, was unsuccessful, *id.*, Ex. 15 at 1.

## II. DISCUSSION

Petitioner claims that his due process rights were violated when the USPC failed to conduct a probable cause hearing within five days, *see* Pet. at 1, as is required by regulation:

> A supervised releasee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission, and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking.

28 C.F.R. § 2.214(a).[2] For this reason alone, Petitioner claims "that he is entitle[d] to be release[d]," Pet. at 1, even if he were to be transferred from the D.C. Jail to another facility, *see*

---

[2] Petitioner also cites 28 C.F.R. § 2.101(a), which requires that "[a] parolee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission . . . shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking." *Id*. Petitioner is a supervised releasee, not a parolee, such that the corresponding provision, 28 C.F.R. § 2.214(a), applies. At any rate, "[f]or most purposes, supervised release is the functional equivalent of parole and the law pertaining to the revocation of parole is applicable to the revocation of supervised release." *Anderson v. U.S. Parole Comm'n*, No. 10-cv-1451, 2010 WL 5185832, at *2 (D.D.C. Dec. 22, 2010).

*id*. at 2. Further, Petitioner appears to allege that the delay in conducting the revocation hearing prejudiced him because he "had call[ed] people to appear a[t] that hearing date with [his] medical records to exonerate [him] of the allege[d] violation[s]." *Id*.

In Petitioner's circumstances, relief on a claim arising from the delay of a hearing ordinarily would be available through "a writ of mandamus to compel the [USPC's] compliance with the statute[.]" *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (emphasis removed). The USPC's delay in conducting Petitioner's probable cause hearing is a mere three days – his hearing should have occurred on or about October 11, 2016, and the USPC conducted the hearing on October 14, 2016. A hearing examiner found probable cause to believe that Petitioner committed the alleged violations of the conditions of supervised release, and this determination justifies Petitioner's detention pending his revocation hearing. Petitioner's subsequent custody comes about as a result of the USPC's decision to revoke supervised release and to incarcerate him for an additional 26 months. Now that Petitioner has had both a probable cause hearing and a revocation hearing, he is not entitled to mandamus relief. *See, e.g., Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 11 (D.D.C. 2008).

Petitioner does not show that there was a delay in conducting Petitioner's supervision revocation hearing. Where, as here, probable cause is found, "the examiner shall schedule a final revocation hearing to be held within 65 days of the releasee's arrest." 28 C.F.R. § 2.214(a). Petitioner's revocation hearing took place well within the 65-day period, and even if there had been a delay, Petitioner makes no showing that the delay both was unreasonable and actually prejudiced him. *See Sutherland*, 709 F.2d at 732. Petitioner mentions that he "had call[ed] people to appear" at the hearing with "medical records" that purportedly would have "exonerate[ed him] of the allege[d] violation[s]." Pet. at 1. He does not identify any witness he

3

may have called or explain the relevance of his medical records, however. The Court finds that Petitioner's claim of prejudice is meritless. *See Hill v. Johnston*, 750 F. Supp. 2d 103, 106 (D.D.C. 2010); *Vactor v. U.S. Parole Comm'n*, 815 F. Supp. 2d 81, 84 (D.D.C. 2011).

### III. CONCLUSION

The Court concludes that Petitioner's claims are moot insofar as he already has had a probable cause hearing and a supervision revocation hearing. Further, the Court finds that the USPC timely conducted the revocation hearing and that there was no prejudice to Petitioner in conducting the hearing on November 30, 2017. The petition for a writ of habeas corpus, therefore, is denied. An Order is issued separately.

/s/
TANYA S. CHUTKAN
DATE: May 22, 2017　　　　　　　　　　　　United States District Judge